IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

EMMETT A. GRILLOT,

        Plaintiff,        Case No. 3:11-cv-374

vs.        Judge Thomas M. Rose

MICHAEL J. ASTRUE,        Magistrate Judge Sharon L. Ovington
Commissioner of Social Security,

        Defendant.

_____

**ENTRY AND ORDER OVERRULING GRILLOT'S OBJECTIONS (Doc. #14) TO THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS; ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS (Doc. #13) IN ITS ENTIRETY; AFFIRMING THE COMMISSIONER'S FINAL NON-DISABILITY DECISION AND TERMINATING THIS CASE**

_____

    Emmett A. Grillot ("Grillot") brought this action pursuant to 42 U.S.C. § 405(g) for judicial review of the decision of the Defendant Commissioner of Social Security (the "Commissioner") that he is not disabled and, therefore, not entitled to Social Security disability benefits. On November 13, 2012, United States Magistrate Judge Sharon L. Ovington entered a Report and Recommendations (doc. #13) recommending that the Commissioner's Decision be affirmed. Grillot subsequently filed Objections (doc. #14) and the time has run and the Commissioner has not responded to Grillot's Objections. This matter is, therefore, ripe for decision.

    Grillot sought financial assistance from the Social Security Administration by applying for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") in June of

1

2007. Grillot claims that he has been disabled since November 21, 2005, due to back problems, acid reflux disease and poor memory.

The Commissioner denied Grillot's application initially and on reconsideration. Administrative Law Judge ("ALJ") Carol K. Bowen ("Bowen") then held a hearing following which she determined that Grillot is not disabled. The Appeals Council denied Grillot's request for review and ALJ Bowen's decision became the Commissioner's final decision. Grillot then appealed to this Court pursuant to 42 U.S.C. § 405(g).

As required by 28 U.S.C. §636(b) and Federal Rules of Civil Procedure Rule 72(b), the District Judge has made a de novo review of the record in this case. Based upon the reasoning and citations of authority set forth in the Magistrate Judge's Report and Recommendations (doc. #13) and in Salyer's Objections (doc. #14), as well as upon a thorough de novo review of this Court's file and a thorough review of the applicable law, this Court adopts the aforesaid Report and Recommendations in its entirety.

This Court's function is to determine whether the record as a whole contains substantial evidence to support the ALJ's decision. *Bowen v. Commissioner of Social Security*, 478 F.3d 742, 745-46 (6th Cir. 2007). This Court must also determine whether the ALJ applied the correct legal criteria. *Id.*

Regarding the substantial evidence requirement, the ALJ's findings must be affirmed if they are supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971)(citing *Consolidated Edison Company v. NLRB*, 305 U.S. 197, 229 (1938)); *Landsaw v. Secretary of Health and Human Services*, 803 F.2d 211, 213 (6th Cir. 1986). Substantial evidence is more than a mere

scintilla, but only so much as would be required to prevent a directed verdict (now judgment as a matter of law) against the ALJ/Commissioner if this case were being tried to a jury. *Foster v. Bowen*, 853 F.2d 483, 486 (6th Cir. 1988); *NLRB v. Columbian Enameling and Stamping Company*, 306 U.S. 292, 300 (1939).

The second judicial inquiry - reviewing the ALJ's legal criteria - may result in reversal even if the record contains substantial evidence supporting the ALJ's factual findings. *See Bowen*, 478 F.3d at 746. A reversal based on the ALJ's legal criteria may occur, for example, when the ALJ has failed to follow the Commissioner's "own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen*, 478 F.3d at 746(citing in part *Wilson v. Commissioner of Social Security*, 378 F.3d 541, 546-47 (6th Cir. 2004)).

In this case, the ALJ's decision is supported by substantial evidence and the ALJ has applied the correct legal criteria. WHEREFORE, based upon the aforesaid, Grillot's Objections to the Magistrate Judge's Report and Recommendations (doc. #14) are OVERRULED, and this Court adopts the Report and Recommendations of the United States Magistrate Judge (doc. #13) in its entirety. The Commissioner's decision that Grillot was not disabled and, therefore, not entitled to benefits under the Social Security Act is AFFIRMED. Finally, the captioned cause is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

**DONE** and **ORDERED** in Dayton, Ohio, this 28th day of December, 2012.

**s/Thomas M. Rose**

———————————————————

JUDGE THOMAS M. ROSE
UNITED STATES DISTRICT COURT

Copies furnished to:
Counsel of Record